IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| SAMUEL BOWMAN, | |
|---|---|
| Petitioner, | 8:17CV344 |
| vs. | |
| SCOTT FRAKES, Director; | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the court on preliminary review of Petitioner Samuel Bowman's Petition for Writ of Habeas Corpus ([Filing No. 1](Filing No. 1)) brought pursuant to [28 U.S.C. § 2254](28 U.S.C. § 2254). The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claims are:

Claim One: Petitioner's right to be free from unreasonable search and seizure under the 4th, 5th, and 14th Amendments was violated because the trial court erred in not granting Petitioner's motion to suppress for the following reasons: (1) Petitioner revoked his consent to the search; (2) Trooper Bauer's tests on the tire of the rental car were unreliable and could not form the basis for probable cause; and (3) police lacked probable cause to initially detain Petitioner and to later place him into custody.

Claim Two: Petitioner's rights to due process and against unreasonable search and seizure under the 4th, 5th, and 14th Amendments were violated when the trial court received into evidence the seized cocaine with its chain

|              | of custody tainted by law enforcement's violations of federal law. |
|--------------|---|
| Claim Three: | Petitioner's rights to due process and against unreasonable search and seizure under the 4th, 5th, and 14th Amendments were violated because the trial court erred in allowing Vicky Cowan to testify to the weight of the seized cocaine. |
| Claim Four:  | Petitioner was denied his rights against self-incrimination and to counsel under the 5th and 6th Amendments because the trial court failed to grant Petitioner's motion for a mistrial based on the prosecutor's use of Petitioner's post-arrest silence and request for counsel as evidence of his guilt. |
| Claim Five:  | Petitioner was denied effective assistance of counsel in violation of the 6th and 14th Amendments because trial counsel: (1) failed to have the official court reporter make a record of the closing arguments and (2) gave unreasonable advice to Petitioner to not testify at trial. |

The court determines that these claims, when liberally construed, are potentially cognizable in federal court. However, the court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought. This matter will progress as set out below. Accordingly, Petitioner's Motion for Evidentiary Hearing ([Filing No. 3](Filing No. 3)) is denied at this time without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the habeas corpus petition ([Filing No. 1](#)), the court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court.

2. Petitioner's Motion for Evidentiary Hearing ([Filing No. 3](#)) is denied without prejudice to reassertion.

3. By **February 5, 2018**, Respondent must file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **February 5, 2018**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

4. If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

   A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

   B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

   C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner except that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's brief. In the event that the

designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (See the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation, and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release**.

5. If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

A. By **February 5, 2018**, Respondent must file all state court records that are relevant to the cognizable claims. *See, e.g.*,

Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B. No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the court except that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner

must not submit any other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **March 6, 2018**: check for Respondent's answer and separate brief.

6. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Dated this 21st day of December, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge